UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DWAYNE DOOLIN,

    Petitioner,

    v.                                    CAUSE NO.: 3:19-CV-1012-JD-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Dwayne Doolin, a prisoner without a lawyer, filed a habeas petition to challenge his detention in a facility maintained by the Indiana Department of Correction. He states that, on April 25, 2019, he was arrested for violating the conditions of his parole under Case No. 67D01-1405-FC-63 and has been held indefinitely without a parole hearing in violation of his right to procedural due process. He was also charged with additional criminal offenses. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Before considering the merits of habeas claims, the court must ensure that the petitioner has exhausted all available remedies in State court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). Under Indiana law, individuals may challenge their unlawful detention by filing the appropriate petition in State court. *See e.g, Harrison v. Knight*, 127 N.E.3d 1269 (Ind. Ct. App. 2019); *Hardley v. State*, 893 N.E.2d 740 (Ind. Ct. App. 2008); *Mills v. State*, 840 N.E.2d 354, 357 (Ind. Ct. App. 2006). Because

Doolin concedes that he did not present his claims to the State courts at any level, the court finds that he has failed to exhaust his available State court remedies.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Based on the allegations in the habeas petition, it appears that the one-year limitations period for federal habeas review began to accrue when Doolin was arrested on April 25, 2019. *See* 28 U.S.C. § 2244(d)(1)(D). Dismissing this case will not effectively end his chance at habeas corpus review because he will have ample time to return to this court after he exhausts his claim in State court. Therefore, a stay is not appropriate for this case.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. Therefore, there is no basis for encouraging him to proceed further in federal court until Doolin has exhausted his claims in State court.

For these reasons, the court:

(1) DISMISSES without prejudice the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claims are unexhausted;

(2) WAIVES the filing fee;

(3) DENIES Dwayne Doolin a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(4) DIRECTS the clerk to close this case.

SO ORDERED on November 26, 2019

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT